```
        UNITED STATES DISTRICT COURT FOR THE
          SOUTHERN DISTRICT OF WEST VIRGINIA
              CHARLESTON GRAND JURY 2013-2
                 MARCH 24, 2015 SESSION
```



UNITED STATES OF AMERICA

v.            CRIMINAL NO. 2:15-cr-00060
              18 U.S.C. § 924(a)(1)(A)
              18 U.S.C. § 922(d)(1)
              18 U.S.C. § 924(a)(2)

JENNIFER LEE NAPIER

# I N D I C T M E N T

The Grand Jury Charges:

## COUNT ONE
### (STRAW PURCHASE OF A FIREARM)

1. At all relevant times, the Trading Post was located in Marmet, Kanawha County, West Virginia, and was a dealer in firearms, licensed under the provisions of Chapter 44, Title 18, United States Code.

2. On or about October 29, 2011, at or near Marmet, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant JENNIFER LEE NAPIER acquired a Century Arms, Draco, 7.62x39 pistol from the Trading Post.

3. In connection with the acquisition of the aforesaid firearm, defendant JENNIFER LEE NAPIER did knowingly make a false statement and representation with respect to the information

required by the provisions of Chapter 44, Title 18, United States Code, to be kept in the records of the Trading Post, that is, defendant JENNIFER LEE NAPIER stated and represented on a Department of Justice ATF Form 4473 that, among other things, she was the transferee/buyer of the firearm purchased when, in fact, as defendant JENNIFER LEE NAPIER well knew, a person known to the Grand Jury was the true transferee of the firearm.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

COUNT TWO
(Giving Firearm to Convicted Felon)

On or about October 29, 2011, at or near Marmet, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant JENNIFER LEE NAPIER did knowingly dispose of a firearm that had travelled in and affected interstate commerce, that is, a Century Arms, Draco, 7.62x39 pistol, and ammunition to a person known to the Grand Jury, knowing and having reasonable cause to believe that such person had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(d)(1) and 924(a)(2).


UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

By: _____
Steven Loew
Assistant United States Attorney