IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL NO. 2:15-cr-00060

**JENNIFER LEE NAPIER**

RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND
REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY
AND NOTICE OF THE UNITED STATES INTENT TO OFFER
<u>EVIDENCE OF RECORDS OF REGULARLY CONDUCTED ACTIVITY</u>

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on April 9, 2015, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A: Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response:** Enclosed please find the following:

1) February 19, 2013 transcript of telephone call to defendant;

2) February 19, 2013 recorded statement made to Larry Dodson and Adam Crawford and transcript;

3) February 19, 2013 recorded statement made to Detectives Snuffer and Ferrell and transcript;

4) March 28, 2014 recorded statement made to Detectives Ferrell and Crawford;

5) March 17, 2015 recorded statement made to ATF S/A Berty and Detective Ferrell and summary report.

**Request B: Disclose to defendant and make available for inspection, copying or photographing, all of the following:**

**(i) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]**

**Response:** The United States is not aware of any such evidence other than that included herein.

**(ii) The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]**

**Response:** The United States is not aware of any such evidence other than that included herein.

**(iii) The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]**

**Response:** Defendant did not testify before a grand jury.

**Request C: Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's**

**position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)(C)]**

**Response:** N/A

**Request D: Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists. [Fed. R. Crim. P. 16(a)(1)(D)]**

**Response:** Enclosed is a copy of defendant's criminal history (four pages).

**Request E: Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]**

**Response:** Enclosed are copies of the following:

1) The Trading Post's Federal Firearms License (six pages);

2) Defendant's United States Department of Justice ATF Form 4473 dated October 29, 2011;

3) Detective Crawford's supplemental report;

4) Larry Dodson's supplemental report;

5) Detective Duff's supplemental report;

6) Sgt. Snuffer's supplemental report;

3

7) Detective Ferrell's supplemental report regarding Tremale Straughter and defendant;

8) Defendant's United States Department of Justice ATF Form 4473 dated December 18, 2012;

9) Tremale Straughter's conviction records (six pages);

10) ATF Trace Summary for Draco pistol;

11) Tremale Straughter's March 27, 2014 recorded statement;

12) Defendant's signed consent dated February 19, 2013;

13) Photos of defendant's home (twelve);

14) February 19, 2013 recorded statement of Omar Brynildsen.


**Request F:** **Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response:** The United States is not aware of any such evidence.


**Request G:** **Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of**

4

the defendant's mental condition.  The summary must describe the witness's opinions, the bases and  reasons for those opinions, and the witness's qualifications.  [Fed. R. Crim. P. 16(a)(1)(G)]

**Response:**  ATF S/A Cunningham will testify that the Draco pistol was not manufactured in West Virginia, therefore it's his opinion that the firearm traveled in and affected interstate commerce.  A copy of S/A Cunningham's report, attachments and curriculum vitae is attached (six pages).

**Request H:**  Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.

**Response:**  The United States is not aware of any such evidence.

**Request I:**  Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.

**Response:**  At this time, the United States does not intend to introduce evidence pursuant to Rule 404(b).

**Request J:**  Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.

**Response:**  N/A

**Request K:**  Disclose to defendant any matter as to which the government will seek judicial notice.

**Response:**  The United States will seek judicial notice that Marmet is within the Southern District of West Virginia.

**Request L:** Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial. For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.

**Response:** N/A

**Request M:** Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.

**Response:** The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

<u>REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY</u>

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of

materials requested by defendant in the Standard Discovery Request.

**NOTICE OF THE UNITED STATES INTENT TO OFFER**
**EVIDENCE OF RECORDS OF REGULARLY CONDUCTED ACTIVITY**

Pursuant to Federal Rules of Evidence 902(11), 18 U.S.C. § 3505, notice is hereby given of the United States intent to offer into evidence certified domestic records of regularly conducted activity. The records are referred to more specifically in Response E.2 above, as the ATF Form 4473 dated October 29, 2011.

> Respectfully submitted,
>
> R. BOOTH GOODWIN II
> United States Attorney
>
> By:
> /s/ Steven I. Loew
> STEVEN I. LOEW
> Assistant United States Attorney
> WV Bar No. 7412
> 300 Virginia Street, East
> Room 4000
> Charleston, WV 25301
> Telephone: 304-345-2200
> Fax: 304-347-5104
> Email: **steven.loew2@usdoj.gov**

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY AND NOTICE OF THE UNITED STATES INTENT TO OFFER EVIDENCE OF RECORDS OF REGULARLY CONDUCTED ACTIVITY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing in addition to U.S. Mail on April 14, 2015 to:

>M. Timothy Koontz
>P. O. Box 2180
>Williamson, WV 25661
>Email: koontzlaw2005@yahoo.com

>/s/ Steven I. Loew
>STEVEN I. LOEW
>Assistant United States Attorney
>WV Bar No. 7412
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: **steven.loew2@usdoj.gov**