

# United States Department of Justice

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

May 29, 2015

M. Timothy Koontz
P O Box 2180
Williamson, WV 25661

**FILED**
JUL - 1 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Re:  United States v. Jennifer Napier
     Criminal No. 2:15-00060 (USDC SDWV)

Dear Mr. Koontz:

This will confirm our conversations with regard to your client, Jennifer Napier (hereinafter "Ms. Napier"). As a result of these conversations, it is agreed by and between the United States and Ms. Napier as follows:

1. **PENDING CHARGES.** Ms. Napier is charged in a two-count indictment as follows:

   (a) Count One charges Ms. Napier with a violation of 18 U.S.C. § 924(a)(1)(A) (straw purchase of a firearm); and

   (b) Count Two charges Ms. Napier with a violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2) (disposing of a firearm to a convicted felon).

2. **RESOLUTION OF CHARGES.** Ms. Napier will plead guilty to Count One of said indictment, which charges her with a violation of 18 U.S.C. § 924(a)(1)(A). Following final disposition, the United States will move the Court to dismiss Count Two in Criminal No. 2:15-00060 as to Ms. Napier.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Ms. Napier will be exposed by virtue of this guilty plea is as follows:

   (a) Imprisonment for a period of five years;

_____
Defendant's
Initials

    (b)    A fine of $250,000.00, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of three years;

    (d)    A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

4.    **SPECIAL ASSESSMENT**.  Prior to the entry of a plea pursuant to this plea agreement, Ms. Napier will tender a check or money order to the Clerk of the United States District Court for $100.00, which check or money order shall indicate on its face the name of defendant and the case number.  The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Ms. Napier will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement.  If Ms. Napier fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement.  In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Ms. Napier.

5.    **PAYMENT OF MONETARY PENALTIES**.  Ms. Napier agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States.  So long as the monetary penalties are ordered to be due and payable in full immediately, Ms. Napier further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

6.    **COOPERATION**.  Ms. Napier will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.  In complying with this provision, Ms. Napier may

_____
Defendant's Initials

have counsel present except when appearing before a grand jury. Further, Ms. Napier agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

7. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Ms. Napier, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by her pursuant to this agreement, or any evidence developed therefrom, will be used against her, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

8. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Ms. Napier for any violations of federal or state laws. The United States reserves the right to prosecute Ms. Napier for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Ms. Napier stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Ms. Napier agrees that if she withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by her, and she is subsequently tried on any of the charges in the indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Ms. Napier or of any of her witnesses, or in rebuttal of any testimony introduced by her or on her behalf. Ms. Napier knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right she has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

_____
Defendant's Initials

The United States and Ms. Napier understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

10. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Ms. Napier knowingly and voluntarily waives her right to seek appellate review of her conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Ms. Napier also knowingly and voluntarily waives the right to challenge her guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

11. **WAIVER OF FOIA AND PRIVACY RIGHT.** Ms. Napier knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

12. **LICENSE REVOCATION.** Within thirty days of signing this agreement, Ms. Napier agrees to voluntarily surrender her permanent professional teaching certificate and will not reapply to get such teaching certificate back until after her period of supervision has expired.

_____
Defendant's Initials

13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

   (a) Inform the Probation Office and the Court of all relevant facts and conduct;

   (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

   (c) Respond to questions raised by the Court;

   (d) Correct inaccuracies or inadequacies in the presentence report;

   (e) Respond to statements made to the Court by or on behalf of Ms. Napier;

   (f) Advise the Court concerning the nature and extent of Ms. Napier's cooperation; and

   (g) Address the Court regarding the issue of Ms. Napier's acceptance of responsibility.

14. **VOIDING OF AGREEMENT.** If either the United States or Ms. Napier violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

_____  
Defendant's Initials

15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Ms. Napier in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Ms. Napier in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

R. BOOTH GOODWIN II
United States Attorney

By: *(signature)*

Steven Loew
Assistant United States Attorney


SIL/dlr

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 6-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*(signature)* Jennifer Napier                       6-11-15
Jennifer Napier                                  Date Signed
Defendant

*(signature)* M. Timothy Koontz  #2089            6/11/2015
M. Timothy Koontz                                Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                          CRIMINAL NO. 2:15-cr-00060

JENNIFER NAPIER

## STIPULATION OF FACTS

The United States and defendant Jennifer Napier ("defendant") stipulate and agree that the facts comprising the offense of conviction (Count One in the Indictment in the Southern District of West Virginia, Criminal No. 2:15-cr-00060) include the following:

1. On October 29, 2011, the Trading Post was a federally licensed firearms dealer licensed under Chapter 44, Title 18, United States Code, and located in Marmet, Kanawha County, West Virginia, within the Southern District of West Virginia.

2. On October 29, 2011, defendant acquired a Century Arms, Draco, 7.62x39 pistol from the Trading Post. When defendant acquired the Draco pistol, she filled out a Department of Justice ATF Form 4473 — a form required by the provisions of Chapter 44, Title 18, United States Code, to be kept in the records of the Trading Post.

3. On the Form 4473, defendant represented that she was the transferee/buyer of the Draco pistol, when, in fact, as defendant well knew, another person, who defendant knew was a convicted felon, was the true transferee of the firearm.

Defendant's Initials

PLEA AGREEMENT EXHIBIT A

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning her involvement and the involvement of others in the charge set forth in the Indictment, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_____      6-11-15
Jennifer Napier      Date
Defendant

_____      6/11/2015
M. Timothy Koontz      Date
Counsel for Defendant  #2089

_____      6/15/15
Steven Loew      Date
Assistant United States Attorney

_____
Defendant's Initials

**PLEA AGREEMENT EXHIBIT A**

2