# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DEFENDANT'S SENTENCING |
| ) | MEMORANDUM |
| vs. ) | |
| ) | |
| JENNIFER LEE NAPIER ) | Docket No.: 0425 2:15CR00060-001 |
| ) | |

## INTRODUCTION

As set forth in the Presentence Investigation Report ("PSR"), Defendant Jennifer Lee Napier was convicted pursuant to a plea agreement and guilty plea of one count of making a straw purchase of a firearm in violation of 18 U.S.C. § 924(a)(1)(A). The offense of conviction was Defendant's purchase of a Draco pistol on October 29, 2011 from The Trading Post, a federally licensed firearms dealer, which gun she purchased for her then boyfriend, Tremale Leon Straughter ("Tremale"). Defendant was convicted of making a false statement on Department of Justice Form 4473 when she purchased the firearm and stated that the firearm was for her when, in fact, she was purchasing the firearm for Tremale.

The Probation Office prepared a PSR on September 10, 2015 in which it concluded that pursuant to U.S.S.G. § 2K2.1(4)(B), the base offense level under the Guidelines was 20. (PSR ¶ 27.) The PSR made no adjustments, failing to grant an adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. (PSR ¶ 34.) Defendant's criminal history score of 1 point established a criminal history category of I. (PSR ¶¶ 38-39.) This resulted in a Guidelines sentence range of 33 to 41 months. (PSR ¶ 62.)

The Government filed one objection to the PSR, contending that Defendant's alleged other straw purchase of firearms should be considered relevant conduct under U.S.S.G. § 1B1.3. The PSR concluded that Defendant's purchase of a shotgun on December 18, 2012, that was subsequently found in Terrico Straughter's (Tremale's brother) home, was not relevant conduct for purposes of sentencing. (PSR ¶ 20.)

Defendant filed one objection to the PSR, contending that a downward adjustment under § 3E1.1 for acceptance of responsibility was warranted. Defendant's objection also included a response to the Government's objection and contended that the PSR was correct in not considering as relevant conduct Defendant's purchase of the firearm on December 18, 2012.

In an addendum to the PSR prepared on October 7, 2015 in response to the parties' objection, the PSR rejected the Government's objection, stating as follows:

> ***Probation Officer's Response:*** The shotgun possessed by Terrico Straughter has not been attributed as relevant conduct to Jennifer Napier because it is not clear whether or not the defendant provided that firearm to Terrico Straughter. As reflected in paragraph 20, there are conflicting statements as to how Terrico Straughter obtained the firearm. Ms. Napier said she purchased the firearm for Tremale Straughter. Tremale Straughter denied Ms. Napier purchased the firearm for him, but suggested that Ms. Napier may have purchased the firearm for his brother, Terrico Straughter. However, Terrico Straughter said Tremale Straughter gave him the firearm. Based on these factors, to err on the side of caution most beneficial to the defendant, the shotgun was not attributed as relevant conduct.
>
> Secondly, the unidentified handgun in this case was not attributed as relevant conduct because there was not an ATF Form 4473 that reflected Ms. Napier's purchase of the handgun. Furthermore, an Interstate Nexus Statement was not conducted; therefore, it cannot be determined if the unidentified handgun is a firearm as defined in Title 18, United States Code Chapter 44,

Section 921(a)(3), nor can it be determined that the firearm traveled in and affected interstate commerce.

The probation officer has noted the Government's objection by way of this addendum for resolution at sentencing.

(70 PSR add. at 21.)

In response to Defendant's objection to the denial of a downward adjustment for acceptance of responsibility, the addendum to the PSR states:

> *Response:* Pursuant U.S.S.G. §3E1.1(a), the defendant is attributed the benefit of acceptance of responsibility if she "clearly" demonstrates acceptance of responsibility. According to U.S.S.G. §3E1.1, comment. (n.1), considerations for acceptance of responsibility include, but are not limited to, voluntary withdrawal from criminal conduct and post-rehabilitative efforts. Prior to entering her plea of guilty before the Court, Ms. Napier was charged with misdemeanor offense of Violation of the Uniform Controlled Substances Act, which is pending in South Charleston Municipal Court. The defendant was verbally admonished for this behavior and directed to participate in substance abuse counseling. Approximately two weeks after her guilty plea hearing, Ms. Napier submitted a drug screen that was positive for cocaine. Based on these factors, it appears that the defendant is continuing to have drug-related issues while on bond despite post-rehabilitative efforts. For these reasons, it does appear that the defendant has clearly demonstrated acceptance of responsibility. Nevertheless, U.S.S.G. §3E1.1, comment. (n.5), states, "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review."
>
> The defendant's objection has been noted by way of this addendum for resolution at sentencing.

(PSR add. at 22-23.)

On October 16, 2015, defense counsel received a copy of an email sent by Assistant United States Attorney ("AUSA") Steven Loew to the probation office to "clarify" the facts concerning the Mossberg pistol purchased by Defendant on December 18, 2012, and attached

to the email was the ATF Form 4473 for the purchase of the pistol. This pistol was referred to as a Mossberg 500 shotgun in the PSR. (PSR ¶ 20.) The AUSA's email states that Defendant purchased the Mossberg from the Trading Post, "the same place she purchased the other two firearms." The third of these firearms apparently is the unidentified handgun referred to in paragraph 16 of the PSR and the Addendum to the PSR, for which there is no ATF Form 4473 and no date of purchase. The AUSA's email states that on February 19, 2013, Defendant "gave a recorded statement wherein she admitted that she bought three guns for Tremale Straughter (the Mossberg was recovered from Terrico Straughter, perhaps leading to some of the confusion)." The email also states as follows:

> Further, on March 28, 2014, Ms. Napier again admitted to officers that she purchased three firearms for Tremale Straughter. Attached is a relevant page from the March 28, 2014 report. Note that Ms. Napier mistakenly checked "No" on the question on the 4473 regarding whether she was the actual purchaser of the firearm.
>
> I've also attached a Fourth Circuit case setting forth the elements of a Section 924(a)(1)(A) charge. Proof of "firearm" and interstate nexus are not required.

It should be noted, however, that Defendant has given inconsistent statements concerning whether she bought other firearms for Tremale, and Tremale has denied that Defendant purchased any other firearm for him, aside from the purchase on October 29, 2011 resulting in the offense of conviction. (*See* PSR ¶ 17.)

Defendant now files this Sentencing Memorandum in which she restates her objection to the PSR and response to the Government's objection (set out in the Addendum to the PSR), and respectfully requests that the Court impose a sentence below the advisory Guidelines range.

# ARGUMENT

## I. A DOWNWARD ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY IS WARRANTED

As Defendant explains in her Objections to Presentence Report, the PSR concluded that no adjustment should be given for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 due to Defendant's alleged purchase of a small amount of synthetic marijuana while on bond in this matter, giving rise to a pending state misdemeanor drug charge (PSR ¶¶ 10, 24-25), and her one positive urine specimen test for drugs while on bond (PSR ¶¶ 11, 24-25). While Defendant recognizes that the above-described conduct is a factor to consider, *see* U.S.S.G. § 3E.1.1 cmt. n.1(B), it does not disqualify her from the downward adjustment for acceptance of responsibility. *See United States v. Thorpe*, 287 F. Supp. 2d 646, 649-50 (E.D. Va. 2003) (defendant entitled to reduction for acceptance of responsibility despite her postarrest drug use while on pretrial supervision; "her post-arrest drug use alone should not outweigh all the other factors that point toward her acceptance of responsibility for her offense"); *United States v. Kendrick*, 22 F.3d 1066 (11th Cir. 1994) (positive drug test did not mandate denial of acceptance of responsibility reduction).

In this case, as the PSR recognizes, Defendant would certainly be entitled to the reduction for acceptance of responsibility but for the postarrest conduct cited by the PSR. While such lapses may be considered, as in *Thorpe*, they should not outweigh all the factors that point toward her acceptance of responsibility for her offense. Defendant completed an eight-week substance abuse course at Prestera in June 2015 and is currently participating in substance abuse counseling with Pyramid Counseling at the direction of the Probation Office.

5

(PSR ¶ 52.) Furthermore, Defendant has fully cooperated with authorities and has admitted guilt. Defendant also has agreed to testify against Straughter at his state trial for murder, but Straughter pleaded guilty. As in *Thorpe*, these factors fully support a two-level reduction pursuant to § 3E1.1(a) for acceptance of responsibility. Indeed, upon government motion, Defendant should be granted a three-level reduction pursuant to § 3E1.1(b).

## II. DEFENDANT'S SUBSEQUENT ALLEGED STRAW PURCHASE OF A FIREARM IS NOT RELEVANT CONDUCT

As discussed in Defendant's Objections to Presentence Investigation Report, Defendant agrees with the PSR's conclusion that Defendant's subsequent purchase of a firearm on December 18, 2012, more than a year after the purchase on October 29, 2011 giving rise to Defendant's conviction, should not be considered relevant conduct under U.S.S.G. § 1B1.3, nor should the alleged purchase of the unknown handgun.

As the Addendum to the PSR states, the evidence as to whether the Defendant's purchase of the Mossberg on December 18, 2012 was a straw purchase is unclear and conflicting, despite some of Defendant's statements indicating that she did purchase it for Tremale. Therefore, the court should err on the side of caution and not consider it as relevant conduct. Also with regard to the unidentified handgun referred to in the PSR at paragraph 16, the Addendum to the PSR states that there was not an ATF Form 4473 that reflected Defendant's purchase of the handgun, nor was an Interstate Nexus Statement conducted, and, therefore, it cannot be determined if the unidentified handgun is a firearm as defined in 18

U.S.C. § 921(a)(3), nor can it be determined that the firearm traveled in and affected interstate commerce.

Regardless of the relevance of these two elements to prove an offense under 18 U.S.C. § 921(a)(3), this alleged purchase of an unidentified handgun should not be considered relevant conduct, because, despite Defendant's admission referred to in the AUSA's email, it is not clear that she made a straw purchase of the unidentified handgun for Tremale, and Tremale denies that such a straw purchase was made; and, of course, the handgun has not been identified or recovered and no ATF Form 4473 has been produced.

Furthermore, even assuming such straw purchases were made, they should not be considered relevant conduct. The date of the alleged purchase of the unidentified handgun is not known, and the alleged straw purchase of the Mossberg on December 18, 2012 is remote, and neither can be considered as part of a common scheme or plan or the same course of conduct as the purchase on October 29, 2011 that gave rise to Defendant's conviction. *See United States v. Griffith*, No. 2:14-CR-00118, 2015 WL 3891596 (S.D. W. Va. June 24, 2015); *United States v. Hodge*, 354 F.3d 305 (4th Cir. 2004); *United States v. Dugger*, 485 F.3d 236 (4th Cir. 2007). As is fully discussed in Defendant's Objections to Presentence Investigation Report, which is set out in full in the Addendum to the PSR, the uncharged purchases do not satisfy the requirements necessary to prove a link between the convicted and unconvicted offenses, that is, that they were either part of a "common scheme or plan" or the "same course of conduct." *Griffith*, 2015 WL 3891596, at *8. The known purchase on December 18, 2012 is temporally remote from the purchase on October 29, 2011

(while the date of the alleged purchase of the unidentified handgun is unknown), and neither is connected to the earlier charged purchase. As fully discussed in Defendant's objections, merely because the nature of the offenses is the same does not make them part of a common scheme or plan or the same course of conduct. *See Dugger*, 485 F.3d 236; *United States v. Mullins*, 971 F.2d 1138 (4th Cir. 1992); *United States v. Hahn*, 960 F.2d 903 (9th Cir. 1992). As these cases and the other cases indicate, as well as the comments to U.S.S.G. § 1B1.3, the facts and circumstances do not support the conclusion that the uncharged purchases should be considered relevant conduct under § 1B1.3. Therefore, as concluded in the PSR and its Addendum, the uncharged conduct at issue here should not be considered relevant conduct under § 1B1.3.

### III. A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. § 2K2.1 COMMENT NOTE 15 IS WARRANTED

U.S.S.G. § 2K2.1 comment note 15 provides as follows:

> 15. Certain Convictions Under 18 U.S.C. 922(a)(6), 922(d), and 924(a)(1)(A).—In a case in which the defendant is convicted under 18 U.S.C. 922(a)(6), 922(d), or 924(a)(1)(A), a downward departure may be warranted if (A) none of the enhancements in subsection (b) apply, (B) the defendant was motivated by an intimate or familial relationship or by threats or fear to commit the offense and was otherwise unlikely to commit such an offense, and (C) the defendant received no monetary compensation from the offense.

U.S.S.G. § 2K2.1 cmt. n.15. "[A] defendant meeting these criteria may be generally less culpable than the typical straw purchaser." FCJ Fed. Sentencing Guidelines Manual amend. 753 (Nov. 1, 2014). As the PSR suggests, *see* PSR ¶ 76, this provision applies in this case. The facts as presented in the PSR show that Defendant has met the criteria set forth in §

8

2K2.1 comment note 15. The facts show that none of the enhancements in § 2K2.1(b) apply to Defendant's offense; Defendant was motivated by an intimate relationship as set forth in PSR paragraphs 24 and 76, and was otherwise unlikely to commit such offense; and Defendant received no monetary compensation from the offense. Therefore, Defendant respectfully submits that a downward departure is warranted pursuant to this provision.

## IV. A DOWNWARD DEPARTURE OR VARIANCE SENTENCE IS WARRANTED

Defendant respectfully submits that a downward departure or variance sentence is warranted in this case. Under the discretionary sentencing system established by *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are only advisory, although they must still be carefully considered by the court. *See United States v. Dunphy*, 551 F.3d 247 (4th Cir.), *cert. denied*, 556 U.S. 1237 (2009). *Booker* excised the mandatory duty to apply the Guidelines, but the sentencing court remains under a duty to consider the factors set forth in 18 U.S.C. § 3553(a). *Dunphy*, 551 F.3d 247; *see Rita v. United States*, 551 U.S. 338, 364-65 (2007) (Stevens, J., concurring) (emphasizing the true advisory-only nature of the Guidelines); *see also Gall v. United States*, 552 U.S. 38 (2007) (also upholding sentence below advisory Guidelines range). The Supreme Court has explained that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita*, 551 U.S. at 351. Rather, the court "must make an individualized assessment based on the facts." *Gall*, 552 U.S. at 50. The "Guidelines are not only *not* mandatory on

sentencing courts; they are also not to be *presumed* reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009) (court's emphasis).

While the court must begin the sentencing process by correctly applying the applicable Guidelines range, it may reject a sentence within the range because the sentence fails to reflect the other § 3553(a) factors or because the case warrants a different sentence regardless. *United States v. Evans*, 526 F.3d 155, 164 (4th Cir.), *cert. denied*, 555 U.S. 977 (2008); *United States v. Skeens*, 589 F. Supp. 2d 757, 757 n.1 (W.D. Va. 2008).

Section 3553(a) provides as follows:

(a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In *United States v. Diosdado-Star*, 630 F.3d 359 (4th Cir.), *cert. denied*, 131 S. Ct. 2946 (2011), the court explained that in *Gall*,

> the Supreme Court delineated in more detail the proper procedure for a district court to follow in sentencing, again stressing the deference owed to district courts' sentencing decisions. *See, e.g.*, 552 U.S. at 51-52, 56, 128 S.Ct. 586. Of course, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Id.* at 49, 128 S.Ct. 586. However, "[t]he Guidelines are not the only consideration. . . . Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.* at 49-50, 128 S.Ct. 586. The *Gall* Court used the terms "variance" and "departure" interchangeably, directing that, if the district court "decides that an outside-Guidelines sentence is warranted, [the court] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the *variance*. We find it uncontroversial that a major *departure* should be supported by a more significant justification than a minor one." *Id.* at 50, 128 S.Ct. 586 (emphasis added).

*Id.* at 364-65. A district court, however, need not justify a sentence outside the Guidelines range with a finding of extraordinary circumstances. *Id.* at 366; *see Gall*, 552 U.S. at 47.

It is the duty of the court within this framework to "make an individualized assessment based on the facts presented, *Gall*, 552 U.S. at 50, and to 'impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [the sentencing statute].'

18 U.S.C. § 3553(a)." *United States v. Cordova*, No. 7:13-CR-90-D, 2014 WL 4443294, at *4 (E.D.N.C. Sept. 9, 2014).

The Sentencing Reform Act "contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Extraordinary circumstances are not required to justify a sentence outside the sentencing Guidelines range. *Diosdado-Star*, 630 F.3d at 366; *United States v. Hayes*, No. CR 12-4040-MWB, 2013 WL 2468038, at *3 (N.D. Iowa June 7, 2013); *see Gall*, 552 U.S. at 47. The district court is free to conclude, based on the nature of the offense or the character of the defendant, that the Sentencing Guideline is greater than necessary to satisfy the purpose of sentencing in a particular case. *United States v. Thomas*, 595 F. Supp. 2d 949, 951 (E.D. Wis. 2009); *see Gall*, 552 U.S. 38. District courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors. *United States v. Jeffrey*, 631 F.3d 669, 679 (4th Cir.), *cert. denied*, 132 S. Ct. 187 (2011). The sentencing court also has broad discretion to determine the appropriateness of a downward departure. *United States v. Pagan-Ferrer*, 736 F.3d 573, 599 (1st Cir. 2013), *cert. denied*, 134 S. Ct. 2839 (2014). Various factors in this case pertaining to the history and characteristics of Defendant warrant a significant downward departure or variance from the Guidelines sentence. *See United States v. Locklear*, 587 F. App'x 66, 67 n.* (4th Cir. 2014) (noting distinction between departure and variance), *cert. denied*, 135 S. Ct. 1511 (2015); *United States v. Cuevas-Bravo*, 780 F.3d 1024, 1028 n.2 (10th Cir. 2015) (same). Defendant has virtually no criminal record, has a

good family background, and has a good work history. She has two young children from a prior marriage and shares custody of the children with the father. The offense at issue is out of character for Defendant, and she has accepted full responsibility for her conduct. Defendant is extremely and sincerely remorseful for her criminal conduct and has done everything she can to make up for it, such as pleading guilty and fully cooperating with the Government. Extraordinary remorse is a permissible ground for a downward departure. *United States v. Crawford*, 407 F.3d 1174, 1182 (11th Cir. 2005). Similarly, a defendant's postarrest rehabilitation is relevant in evaluating § 3553(a) factors. *United States v. McFarlin*, 535 F.3d 808, 811 (8th Cir. 2008).

Under analogous circumstances, courts have granted downward departure or variances based on factors such as the defendant's character or role as a care provider for his or her children or others, particularly where the defendant had little or no criminal history and was sincerely remorseful for his or her conduct. *See, e.g., United States v. Bueno*, No. 09 CR 625, 2010 WL 2228570 (S.D.N.Y. June 3, 2010) (downward variance based in part on defendant's role as caregiver for her three young children); *United States v. DiMattima*, 885 F. Supp. 2d 572, 581-82 (E.D.N.Y. 2012) (despite the seriousness of the crime, "the history and characteristics of the defendant" merited a below-Guidelines sentence; it was defendant's first criminal conviction, he had no substance abuse history, he had been continuously employed since graduation from high school, he had a wife and three children, there were numerous letters attesting his good character, and his family would suffer emotionally and financially from his absence during incarceration); *United States v. Milne*, 384 F. Supp. 2d

1309, 1312-13 (E.D. Wis. 2005) (in bank fraud prosecution, Guidelines range of 18-24 months was greater than necessary to satisfy purpose of sentencing; based on several factors, including defendant's extraordinary demonstration of responsibility, his positive personal characteristics, excellent employment record, family ties and community involvement, and his status as sole support of his family, court imposed a split sentence of five months' imprisonment followed by a five-year supervised release term with a condition of five months' home confinement; *United States v. Dunson*, No. 1:07Cr145-002, 2008 WL 4925819 (N.D. Ohio Nov. 14, 2008) (downward variance of 88 months appropriate where defendant could be a productive member of society and had a solid base of friends and family members); *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir.) (trial court properly gave a downward variance based on, inter alia, lack of criminal history), *cert. denied*, 135 S. Ct. 421 (2014); *United States v. Zabielski*, 711 F.3d 381 (3d Cir. 2013) (in addressing different sentencing issues, court observed that district court had granted downward variance in bank robbery prosecution, based on defendant's sincere remorsefulness); *United States v. Huckins*, 529 F.3d 1312 (10th Cir. 2008) (affirming downward variance in child pornography prosecution where, inter alia, defendant had no prior criminal record, had been suffering from depression when he committed offense, and demonstrated remorse for his conduct); *United States v. Burks*, No. 08-CR-332, 2010 WL 1221752, at *2 (E.D.N.Y. Mar. 29, 2010) (significant variance granted in wire fraud prosecution, based on defendant's physical health, stable family life, and active role as caretaker for his two children, one of whom had special needs; specific deterrence was not necessary because of defendant's "remorse and age");

*United States v. Syzmanski*, No. 3:08 CR 417, 2009 WL 1212252 (N.D. Ohio Apr. 30, 2009) (in child pornography prosecution, downward variance warranted based on defendant's lack of criminal history, support from defendant's therapist, who indicated defendant posed no threat or danger to society, and court's determinations that defendant's cooperation supported his genuine remorse and that he did not show by his prior conduct that he was in need of incarceration to prevent him from engaging in criminal conduct).

The federal courts have also recognized that in determining the appropriate sentence within the Guidelines, or in varying from the Guidelines, a sentencing court has discretion to consider the defendant's cooperation with the Government as a § 3553(a) factor, even if the Government has not made a U.S.S.G. § 5K1.1 motion for downward departure. *See, e.g., United States v. Landron-Class*, 696 F.3d 62, 77-78 (1st Cir. 2012) (citing cases), *cert. denied*, 133 S. Ct. 1621 (2013); *United States v. Lucas*, 504 F. App'x 227 (4th Cir. 2013) (recognizing court's discretion in such a case). "No circuit has held to the contrary." *Landron-Class*, 696 F.3d at 78.

In light of the foregoing authority, a substantial downward departure or variance is warranted based on the factors set forth and discussed above. A sentence well below the Guidelines range is "sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a).

As the court stated in *Bueno* in imposing a downward variance sentence:

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall*, 552 U.S.

at 52 (quoting *Koon v. United States*, 518 U.S. 81, 98 (1996)). Moreover, because the sentencing judge "sees and hears evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record," it is in a "superior position to find facts and judge their import . . . ." *Id.* at 51; *see also Rita v. United States*, 551 U.S. 338, 357 (2007) ("The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeal court.").

2010 WL 2228570, at *3. It is respectfully submitted that this Court, in considering Defendant's unique case and the factors set forth in § 3553(a), should sentence Defendant to a downward departure or variance sentence significantly below the Guidelines range.

## CONCLUSION

For all the foregoing reasons, the Court should grant Defendant a downward adjustment for acceptance of responsibility and should grant her a downward departure or variance sentence substantially below the Guidelines range sentence.

Respectfully submitted,

M. Timothy Koontz, Esquire
Law Offices of M. Timothy Koontz
186 East Second Avenue
Williamson, WV 25661
Telephone: (304) 235-2227
Facsimile: (304) 235-0672
Email: koontzlaw2005@yahoo.com
Attorney for Defendant